RE: METROPOLITAN AREA PLANNING COMMISSION DISSOLUTION
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 31, 1988, ASKING FOR A FORMAL OPINION CONCERNING THE MANNER BY WHICH A METROPOLITAN AREA PLANNING COMMISSION CAN BE DISSOLVED. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF.
PLEASE BE ADVISED THAT THIS OFFICE HAS PRELIMINARILY REVIEWED THIS QUESTION AND HAS DETERMINED THAT IT SIMPLY CANNOT BE ANSWERED AS A MATTER OF LAW. AS YOU ARE NO DOUBT AWARE, THE LEGISLATURE HAS FORBIDDEN THIS OFFICE TO ATTEMPT TO RESOLVE LEGAL MATTERS THAT ARE DEPENDENT UPON UNIQUE FACTUAL ISSUES THAT MAY BE PRESENT IN A GIVEN SITUATION, SUCH DETERMINATIONS BEING RIGHTFULLY INVESTED WITHIN THE PREROGATIVES OF THE DISTRICT COURTS OF THIS STATE. WE CAN ONLY ISSUE FORMAL OPINIONS UPON QUESTIONS THAT MAY BE RESOLVED PURELY BY LEGAL ISSUES NOT DEPENDENT UPON SUCH UNIQUE FACTUAL CIRCUMSTANCES.
AS AN INFORMATIONAL ITEM, PLEASE NOTE THAT THE FORMATION OF THESE ENTITIES IS GOVERNED BY A UNIQUE CONTRACT FOR EACH SUCH UNDERTAKING THAT TITLE 19 O.S. 866.5 (1981) CONTEMPLATES IS TO BE DRAFTED AS A PREDICATE TO THEIR ORGANIZATION. AS EACH ENTITY IS TO BE LARGELY GOVERNED BY AND SUBJECT TO SUCH A CONTRACTUAL DOCUMENT, IT WOULD BE UP TO THE PARTIES THEMSELVES TO DETERMINE HOW THE UNDERTAKING IS TO BE DISSOLVED, IF DESIRED. A CAREFULLY DRAFTED ORGANIZATIONAL DOCUMENT SHOULD ORDINARILY HAVE DISSOLUTION PROVISIONS INCLUDED IN SAME.
ABSENT SUCH A ROUTINE AND EXPECTED DISSOLUTION CLAUSE, IT MAY WELL BE POSSIBLE FOR THE PARTIES TO AGREE TO AN ADDENDUM TO THE ORGANIZATIONAL CONTRACT WHICH COULD SPELL OUT THE MANNER OF DISSOLUTION OF THE ENTITY. UNLESS THE PARTIES JOINTLY AGREE TO SUCH TERMS AFTER THE ENTITY HAS BEEN ORGANIZED, IT MAY WELL BE NECESSARY FOR THE AGGRIEVED PARTY TO GO TO THE DISTRICT COURT TO EFFECTUATE A DISSOLUTION, IF SUCH CAN EVEN BE DONE.
I AM ADVISED THAT YOU HAVE DISCUSSED THIS MATTER AT LENGTH WITH MR. BILL LAFORTUNE OF THIS OFFICE, AND THAT HE HAS INFORMALLY ADVISED YOU THAT A FORMAL OPINION RESPONSE MIGHT NOT BE POSSIBLE. BOTH THE CITY OF WATONGA AND THE COUNTY HAVE EXPERIENCED LEGAL COUNSEL TO ASSIST THEM, AND I CAN ONLY SUGGEST THAT THOSE PERSONS ARE THE PROPER LEGAL EXPERTS TO ASSIST THEIR RESPECTIVE CLIENTS AS TO HOW TO RESOLVE THIS PARTICULAR CONTROVERSY.
IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, OR THE DECLINATION TO ISSUE A FORMAL OPINION ON THE QUESTION PRESENTED, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)